CHARLES SNEIDER, RESPONDENT, v. 1. SCHWENK, IN-CORPORATED, APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

At common law substantial damages were not recoverable in an action of ejectment. In order for a plaintiff to recover mesne profits and damages in an action of ejectment under the practice in this state. it is necessary that the plaintiff declare for them in his complaint by adding after the description of the lands "and also the sum of ———— dollars for mesne profits and damages," and a failure to comply with this rule of pleading is fatal to a claim for damages.

On appeal from the Monmouth County Circuit Court.

For the appellant, *Andrew & Tumen.*

For the respondent, *Walter Taylor.*

The opinion of the court was delivered by

SWAYZE, J. This is an action of ejectment. Both parties claim through Burkhardt. The plaintiff (Sneider) claims

through a lease for three years, from April 1st, 1920, dated December, 1919, and recorded January 9th, 1920. The defendant through a deed from Burkhardt to the Asbury Park Trust Company dated January 21st, 1920, recorded February 6th, 1920. A contract for sale had been made between Burkhardt and one Weinstein on January 7th, 1920, who assigned to the defendant the same day. The Asbury Park Trust Company acted in the interest of the defendant for the purpose of financing the transaction for him. Weinstein admits, and it is not questioned, that at the time of making the contract of sale he knew of the lease from Burkhardt to Sneider. The trial judge instructed the jury that if Schwenk had actual notice of the existence of the lease before he took title, it made no difference whether it was recorded or not. This was a correct statement of law. The lease was one of the class of instruments under section 21 of the Conveyances act (*Comp. Stat., p.* 1540), and if acknowledged could be recorded. It was not acknowledged at the time, but was immediately after the contract of sale. It might therefore lose its priority by virtue of section 54 of the act (*Comp. Stat., p.* 1553) as against a *bona fide* purchaser whose deed was first duly recorded. But the defendant was not in this position. The plaintiff's lease was recorded before the defendant's deed. The defendant is not helped by the contract of sale since Weinstein admits that he knew of the lease when he entered into the contract. The charge was unduly adverse to the plaintiff, but he does not complain, since the verdict was in his favor. It would have been erroneous to nonsuit.

Most of the grounds of appeal relate to the charge on the subject of damage. The plaintiff did not declare for mesne profits, and, therefore, could not recover them. *Kline* v. *Williams,* 69 *N. J. L.* 17. At common law substantial damages were not recoverable in an action of ejectment. 19 *C. J.* 1233. The right to recover them in such an action depends on the statute and rules, and these require that the plaintiff declare for them. The rules require that if he desires to recover mesne profits and damages, he shall add to the complaint after the description of the lands "and also the sum of

———— dollars for mesne profits and damages." The failure to comply with the rule is fatal to the present claim for damages. The form of summons given in the schedule to the rules is not enough to overcome the difficulty. The plaintiff was improperly allowed to recover damages. This would ordinarily require a reversal. But in this case the verdict and the judgment pursuant thereto are for distinct matters; one is for possession, the other for money damages. The former is justified; the latter is not. There can be no difficulty in the Supreme Court, when the record is remitted, modifying the judgment by striking out the judgment for damages. To that end the judgment must be reversed and the record remitted. The plaintiff is entitled to costs.

*For affirmance*—None.

*For reversal and modification*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.